UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MICHAEL S. OWL
FEATHER-GORBEY, #317611 / 33405-013,

      Petitioner,

v.                 ACTION NO. 2:20cv270

HAROLD W. CLARKE,
Director of the Virginia
Department of Corrections,

      Respondent.

### UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Michael Owl Feather-Gorbey ("Gorbey"), respondent's motion to dismiss the petition, Gorbey's motion for summary judgment, and Gorbey's request for an evidentiary hearing. For the reasons discussed below, and pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 72, it is hereby **RECOMMENDED** that respondent's motion to dismiss the petition (ECF No. 11) be **GRANTED**, Gorbey's motion for summary judgment (ECF No. 16) be **DENIED**, Gorbey's request for an evidentiary hearing (ECF No. 3 at 27–30) be **DENIED** and the amended petition for a writ of habeas corpus (ECF No. 3) be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I. STATEMENT OF THE CASE

Gorbey is currently in custody on charges unrelated to this habeas petition. ECF No. 13 at 1.

Following his guilty plea in the Circuit Court for Fauquier County to two felonies (possession of a firearm by a convicted felon, and failure to appear), Gorbey was sentenced on February 1, 2000, to five years in prison, with three years and seven months suspended, and two years of probation. ECF No. 13-1 at 2; *Commonwealth v. Gorbey*, CR98000586-00, CR99000383-00 (Va. Cir. Ct. Feb. 1, 2000). On January 10, 2003, Gorbey pled guilty to violating his probation. ECF No. 13-2. The suspension of his sentence was revoked, all but time served was resuspended, and a two-year term of probation was imposed. *Id.*

The Circuit Court for Fauquier County ("circuit court") issued a capias on June 24, 2003 ("the 2003 capias"), for an alleged probation violation. ECF No. 13-3.

In 2008, Gorbey was arrested in the District of Columbia, convicted of numerous offenses, and sentenced to twenty-two years in prison. *Gorbey v. United States*, 55 F. Supp. 3d 98, 101 (D.C. Cir. Ct. 2014); *Gorbey v. United States*, 54 A.3d 668, 675–76 (D.C. 2012).

On July 20, 2010, in response to a petition filed by the Commonwealth's Attorney for Fauquier County, the circuit court ordered that "the Attorney for the Commonwealth for Fauquier County destroy or cause to be destroyed the arrest warrants, summonses, capiases and other criminal processes as described in the list dated July 20, 2010." ECF No. 13-4 at 4. The attached list included the 2003 capias. *Id.* at 2.

In the letter forwarding the petition and proposed order to the circuit court, the Commonwealth's Attorney indicated that, with respect to Gorbey and another defendant,

2

> I have reviewed our files in these matters and have determined that we would like to be able to go forward with these cases should the defendants be hereafter apprehended. Accordingly, I would respectfully request that new capiases be issued and delivered to the Sheriff's Office to be placed in NCIC/VCIN to take the place of the Capiases that will be destroyed.

*Id.* at 3. In response to this letter, on July 22, 2010, the circuit court reissued a capias for the violation of probation, replacing the 2003 capias ("the 2010 capias"). *Id.* at 1.

Gorbey filed a petition with the circuit court on October 18, 2011, entitled "petition for a writ of habeas corpus or *coram nobis*" attacking the validity of his 2000 convictions and the 2003 probation violation. ECF No. 13-7 at 2. On January 11, 2012, the circuit court dismissed Gorbey's habeas petition as barred by the statute of limitations and found Gorbey was not entitled to relief through *coram nobis*, which cannot be used to collaterally attack a guilty plea. *Id.* at 4–5 (citing *Dobie v. Commonwealth*, 96 S.E.2d 747 (Va. 1957)).

On December 7, 2012, Gorbey filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, which he amended on May 10, 2013. *Gorbey v. Clarke*, No. 2:12cv667 (E.D. Va. Dec. 7, 2012), ECF Nos. 1, 12. Gorbey asserted he was actually innocent of the 2000 charges, was actually innocent of any probation violation, and received ineffective assistance of counsel with respect to his original charges and the probation violation. *Id.*, ECF No. 12 at 5. This Court found Gorbey's petition was barred by the statute of limitations, equitable tolling did not apply, and Gorbey failed to provide new evidence of actual innocence. ECF Nos. 13-8, 13-9.[1]

---

[1] At the time he filed his December 2012 petition for a writ of habeas corpus in this Court, Gorbey had been detained and released multiple times under the 2003 capias with Virginia refusing to extradite. ECF No. 13-8 at 2. Gorbey was first detained by Monongalia County, West Virginia in December 2003, but was released on April 30, 2004 because Virginia failed to extradite him. *Id.* (citing *West Virginia v. Gorbey*, Mag. Ct. No. 03F-506 (W. Va. Cir. Ct. Apr. 30, 2004)). According to Gorbey's pending amended petition, Virginia failed to extradite him from West Virginia on six additional occasions, and failed to extradite him from Colorado, the District of Columbia, and

3

On May 1, 2017, Gorbey filed a motion requesting that the circuit court reconsider his 2011 habeas proceedings. ECF No. 13-10. The circuit court construed Gorbey's filing as a second petition for a writ of habeas corpus, and dismissed Gorbey's petition on May 2, 2017. ECF No. 13-11.

On October 18, 2017, the circuit court entered an order preserving the 2010 capias, and reentering the capias in the National Crime Information Center ("NCIC") ("the 2017 preservation order"). ECF No. 13-6.

On February 23, 2018, Gorbey filed a motion to quash the 2017 preservation order, and to withdraw any detainers with the Federal Bureau of Prisons and NCIC, asserting procedural violations, violations of the Double Jeopardy and Equal Protection Clauses, accrual innocence, and malicious abuse of process. ECF No. 13-12 at 1–2, 5. The circuit court denied the motion on February 26, 2018. ECF No. 13-13. Gorbey filed a petition for appeal of the denial with the Supreme Court of Virginia on February 27, 2018. ECF No. 13-14. The Supreme Court of Virginia transferred the petition to the Court of Appeals of Virginia, which sent Gorbey a letter advising him that his petition did not comply with Rule 5A:12 of the Rules of the Court of Appeals of Virginia because it did not include any assignments of error, and directing Gorbey to file an amended petition. *Id.* at 1. Gorbey did not file an amended petition, and instead filed an objection to the transfer order. *Id.* Accordingly, the Court of Appeals of Virginia dismissed the petition for appeal on January 29, 2019. *Id.* at 2. Gorbey's appeal to the Supreme Court of Virginia was refused on

---

Maryland. ECF No. 3 at 18. Additionally, Gorbey asserts that Virginia failed to prosecute his probation violation following Gorbey's confinement in the counties of Hanover and Culpepper, Virginia in 2006–2007. *Id.*

4

October 15, 2019. *Gorbey v. Commonwealth*, No. 190276 (Va. Oct. 15, 2019), Va. S. Ct. R. 24.[2]

On May 14, 2018, Gorbey filed a petition for a writ of habeas corpus with the Supreme Court of Virginia asserting procedural violations, collateral estoppel, malicious abuse of process, and violations of the Double Jeopardy, Due Process, and Equal Protection Clauses. Va. S. Ct. R. 68–85. On December 13, 2019, the Supreme Court of Virginia found that the claims "were barred because these issues were raised and decided in the circuit court and on direct appeal or could have been raised in those forums, and therefore, cannot be raised in a habeas corpus petition." ECF No. 13-15 at 2 (citing *Henry v. Warden*, 576 S.E.2d 495, 496 (Va. 2003) (holding issues raised and resolved on direct appeal may not be considered in a subsequent habeas proceeding); *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974) (holding "[a] prisoner is not entitled to use habeas corpus to circumvent the trial and appellate process for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction."); *Harris v. Commonwealth*, 551 S.E.2d 606, 609 (Va. 2001) (holding "[a]n appellate court may take judicial notice of its own records.")).

Gorbey filed a petition pursuant to 28 U.S.C. § 2254 in this Court on May 29, 2020, and filed an amended petition on June 4, 2020. ECF Nos. 1, 3. Gorbey seeks to have all pending charges dismissed and the 2017 detainer removed, alleging the following:

(1) the 2017 preservation order and detainer violate the Double Jeopardy Clause and/or collateral estoppel;

(2) the 2017 preservation order and detainer are void, violate the Due Process and Equal Protection Clauses, and violate Gorbey's right to a speedy trial;

---

[2] Hereinafter, "Va. S. Ct. R." refers to the state court records of Gorbey's direct appeal from the Court of Appeals of Virginia of the 2017 preservation order, *Gorbey v. Commonwealth*, No. 190276, and of Gorbey's state habeas petition filed May 14, 2018, *Gorbey v. Dir., Va. D.O.C.*, No. 180649. These records were received from the Supreme Court of Virginia on August 27, 2020, and consist of one thumb drive containing documents consecutively paginated from 1 through 621.

5

    (3)    the 2017 preservation order and detainer are "part of a malicious abuse of process and imminent danger;" and

    (4)    he is actually innocent.

ECF No. 3 at 5, 7–8, 10, 15.

On August 26, 2020, respondent timely responded, filing a Rule 5 answer and a motion to dismiss the petition with a memorandum in support. ECF Nos. 11–13. On September 18, 2020, Gorbey filed a motion for summary judgment asserting his petition should be granted due to respondent's failure to timely respond to his petition, and indicating he had not received a copy of the response. ECF No. 16 at 4.[3]

On December 18, 2020, the Court directed the respondent to forward a copy of the Rule 5 answer, motion to dismiss the petition, memorandum in support, and exhibits to Gorbey by December 31, 2020, and allowed Gorbey to file a reply by January 29, 2021. ECF No. 19. Respondent complied with the order the same day, attaching a receipt showing the original documents were delivered to Gorbey's institution on August 28, 2020, and resending a second copy of the documents to Gorbey. ECF Nos. 20, 20-1. On January 11, 2021, Gorbey filed a reply to the motion to dismiss. ECF No. 21.

These matters are now ripe for decision.

---

[3] Respondent timely responded to the petition on August 26, 2020. ECF Nos. 11–13. Accordingly, Gorbey's motion for summary judgment (ECF No. 16) should be **DENIED**.

6

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Gorbey's petition is procedurally defaulted.

Before addressing Gorbey's claims, the Court must determine whether Gorbey exhausted his remedies in state court, *see* 28 U.S.C. § 2254(b), and determine if such claims were procedurally defaulted in state court. *See Fisher v. Angelone*, 163 F.3d 835, 844, 851 (4th Cir. 1998). Each of the claims raised in Gorbey's federal petition are barred from federal review due to one of the following three reasons: (1) Gorbey failed to raise the claim in either his direct appeal of the 2017 preservation order, or in his state habeas petition, and the claim is simultaneously exhausted and procedurally defaulted; (2) Gorbey raised the claim in his direct appeal of the 2017 preservation order, and the claim was denied due to Gorbey's failure to comply with Rule 5A:12 of the Rules of the Court of Appeals of Virginia; or (3) Gorbey raised the claim for the first time in his petition for a writ of habeas corpus in the Supreme Court of Virginia, and the claim was denied based on the holding in *Slayton v. Parrigan*, 205 S.E.2d at 682.

#### 1. Gorbey's speedy trial and actual innocence claims are simultaneously exhausted and procedurally defaulted.

A federal court cannot grant a writ of habeas corpus to a person in custody pursuant to a state court judgment unless that person "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A federal habeas claim is not exhausted if it has not been fairly presented to the highest state court. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000). The exhaustion doctrine ensures that state courts have a meaningful opportunity to consider claims alleging constitutional violations before those claims are presented to a federal court. *Rose v. Lundy*, 455 U.S. 509, 515 (1982). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court [are] the same as those advanced at least

7

once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991). Exhaustion may be achieved either through direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)).

The claims in Gorbey's federal petition alleging a violation of speedy trial and actual innocence have not been presented to the Supreme Court of Virginia on direct appeal or during collateral review (habeas proceedings). This does not, however, end the exhaustion inquiry. Instead, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker*, 220 F.3d at 288; *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (describing the procedural default doctrine as a "distinct but related limit on the scope of federal habeas review"). Simultaneous exhaustion and procedural default occur "when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). In that instance, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim." *Baker*, 220 F.3d at 288.

Before finding a procedural default, it must be "clear" that the pertinent claims are now procedurally barred based upon a state law providing an independent and adequate ground for dismissal. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A state procedural rule is adequate if it is "regularly or consistently applied by the state courts." *McNeill v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007) (citing *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988)). A state procedural rule is

8

independent "if it does not depend on a federal constitutional ruling." *Id.* (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

Any attempt by Gorbey to file a new state petition for a writ of habeas corpus would be barred as successive under Virginia Code § 8.01-654(B)(2). *See Pope v. Netherland*, 113 F.3d 1364, 1372 (4th Cir. 1997) (holding that the successive petition rule in Virginia Code § 8.01-654(B)(2) is an adequate and independent state law ground barring federal habeas review). Thus, the portions of Gorbey's petition alleging a speedy trial violation and actual innocence can be treated as simultaneously exhausted and procedurally defaulted because the claims would be procedurally barred under state law if Gorbey attempted to present the claims to the state court. *Baker*, 220 F.3d at 288. "[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Id.* (citation and quotation marks omitted).

  2. **The claims raised in Gorbey's direct appeal of the 2017 preservation order were dismissed due to Gorbey's failure to comply with Rule 5A:12 of the Rules of the Court of Appeals of Virginia.**

Gorbey's claims asserting procedural violations, violations of the Double Jeopardy and Equal Protection Clauses, and malicious abuse of process were raised in Gorbey's direct appeal of the 2017 preservation order, and were dismissed based on a state procedural rule. ECF No. 13-12 at 1–2, 5; ECF No. 13-14 at 1. "If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard*, 134 F.3d at 619 (citing *Coleman*, 501 U.S. at 731–32).

9

The Supreme Court of Virginia refused Gorbey's direct appeal of the 2017 preservation order in a short order, and the Court will look to the Court of Appeals of Virginia's decision for the state court ruling. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805–06 (1991); *Bennett v. Angelone*, 92 F.3d 1336, 1343 (4th Cir. 1996). The Court of Appeals of Virginia dismissed Gorbey's appeal citing Rule 5A:12 of the Rules of the Court of Appeals of Virginia because it did not include any assignments of error. ECF No. 13-14 at 1–2.

The state court's reliance on Rule 5A:12 to dismiss Gorbey's claims is an adequate and independent state procedural rule, that bars federal review of the claims. *See Hedrick v. True*, 443 F.3d 342, 360–63 (4th Cir. 2006) (holding Rule 5:17(c) of the Rules of the Supreme Court of Virginia, requiring petitions to list assignments of error,[4] is "firmly established" and failure to comply with the requirement is an adequate state ground barring review of the claim in federal court). The decision by the Court of Appeals of Virginia was upheld by the Supreme Court of Virginia. Therefore, those portions of Gorbey's federal petition that were raised in his direct appeal of the 2017 preservation order are procedurally defaulted.

3. **Gorbey's collateral estoppel claim, which was raised for the first time in his petition for a writ of habeas corpus to the Supreme Court of Virginia, was dismissed based on the procedural default rule established in *Slayton v. Parrigan*.**

The Supreme Court of Virginia further denied Gorbey's petition for a writ of habeas corpus filed May 14, 2018, on procedural grounds. The court based the denial on *Henry v. Warden*, 576

---

[4] Rule 5A:12 of the Rules for the Court of Appeals of Virginia and Rule 5:17(c) of the Rules for the Supreme Court of Virginia are almost identical rules requiring a petition for appeal to contain "[u]nder a heading entitled 'Assignments of Error,' . . . clearly and concisely and without extraneous argument, the specific errors in the rulings below—or the issue(s) on which the tribunal or court appealed from failed to rule—upon which the party intends to rely. . . ."

10

S.E.2d at 496[5] (holding issues raised and resolved on direct appeal may not be considered in a subsequent habeas proceeding), *Slayton v. Parrigan*, 205 S.E.2d at 682 (holding "[a] prisoner is not entitled to use habeas corpus to circumvent the trial and appellate process for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction."), and *Harris v. Commonwealth*, 551 S.E.2d at 609 (holding "[a]n appellate court may take judicial notice of its own records.").

Gorbey's collateral estoppel claim was raised for the first time in his state habeas petition, and was procedurally barred by *Slayton v. Parrigan*. In *Slayton*, the Supreme Court of Virginia held that, because "the original function of the writ of habeas corpus was to provide an inquiry into jurisdictional defects," when a prisoner was "afforded a fair and full opportunity to raise" a non-jurisdictional issue on direct appeal, such an issue is not cognizable on a petition for a writ of habeas corpus. 205 S.E. 2d at 682. In short, "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error." *Id.* The Fourth Circuit has repeatedly held that the procedural default rule announced in *Slayton* constitutes an adequate and independent state law ground for decision. *Fisher*, 163 F.3d at 844; *Mu'Min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1997).

Therefore, Gorbey's petition is procedurally defaulted either because the claims were not raised before the Supreme Court of Virginia and would be procedurally defaulted if raised now, or because they were raised before the Supreme Court of Virginia and were denied based on an adequate and independent state procedural rule.

---

[5] "In the Fourth Circuit, . . . the procedural bar of *Henry v. Warden* is not an adequate and independent state ground that precludes federal habeas review of Petitioner's claims." *Crews v. Johnson*, 702 F. Supp. 2d 618, 624 n. 6 (W.D. Va. 2010), *aff'd*, 457 F. App'x 277 (4th Cir. 2011).

### B. No cause exists to excuse Gorbey's procedural default.

A petitioner may overcome procedural default and obtain federal merits review if he can "demonstrate cause and prejudice for the default or demonstrate that failure to review the claims will result in a fundamental miscarriage of justice." *Edwards v. Johnson*, No. 2:10cv339, 2010 WL 5825427, at *3 (E.D. Va. Dec. 15, 2010) (citing *Coleman*, 501 U.S. at 750, and *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)). To show cause to excuse a procedural default, a petitioner must establish that some "objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see Coleman*, 501 U.S. at 753 (noting that a factor external to the defense is one that "cannot fairly be attributed to" the prisoner).[6] Gorbey has not alleged cause for the failure to raise his speedy trial claim before the Supreme Court of Virginia, his failure to raise portions of his remaining claims during his direct appeal of the 2017 preservation order, or his failure to file an amended petition including assignments of error as ordered by the Court of Appeals of Virginia, which resulted in his procedural default in state court.

### C. Gorbey has not provided evidence of actual innocence.

The Supreme Court has recognized that actual innocence, if proved, serves as "a gateway through which a habeas petitioner may pass" to have his procedurally defaulted claims addressed

---

[6] The Supreme Court in *Martinez* ruled that the ineffective assistance of counsel, or the lack of counsel, during an initial review collateral proceeding may constitute justifiable cause for procedural default in certain circumstances. *Martinez v. Ryan*, 566 U.S. 1, 9, 14, 17 (2012); *see also Davila v. Davis*, 137 S. Ct. 2058, 2065–66 (2017) (noting that the narrow exception carved out by *Martinez* allows the ineffective assistance of postconviction counsel to constitute cause to surmount default on a single claim—the ineffective assistance of trial counsel—in states that only allow such claims to be brought in state postconviction proceedings). The exception identified in *Martinez* has no application to Gorbey's petition as he has not alleged ineffective assistance of counsel.

on the merits. *Finch v. McKoy*, 914 F.3d 292, 294 (4th Cir. 2019); *Schlup v. Delo*, 513 U.S. 298, 314–316 (1995). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (citation omitted). It "seeks to balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case." *Schlup*, 513 U.S. at 324.

To establish actual innocence predicated upon constitutional error, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The exception requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. If a petitioner provides the court with reliable, newly discovered evidence of his actual innocence, then the court weighs the new evidence in light of the previous admissible and inadmissible evidence and makes a "probabilistic determination about what reasonable, properly instructed jurors would do." *Id.* at 329.

The *Schlup* standard is an exceedingly high burden to satisfy and only permits review in "extraordinary" cases. *House v. Bell*, 547 U.S. 518, 538 (2006); *see also Schlup*, 513 U.S. at 327–29. A petitioner's actual innocence claim "does not by itself provide a basis for relief." *Teleguz v. Pearson*, 689 F.3d 322, 328 (4th Cir. 2012) (quotation marks omitted); *see Herrera*, 506 U.S. at 400 (noting that "[c]laims of actual innocence based on newly discovered evidence have never been

held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the course of the underlying state criminal proceeding"). Instead, a petitioner's "claim of innocence is . . . a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup*, 513 U.S. at 315 (quotation marks omitted); *see also Teleguz*, 689 F.3d at 329.

Gorbey argues that the 2003 capias to show cause for his probation violation was ordered destroyed by an order entered in the circuit court on July 20, 2010, "making Gorbey . . . actually innocent of any alleged violation and making the 2017 capias [and] detainer . . . improper and void." ECF No. 3 at 23, 35–36. Following entry of the order on July 20, 2010, however, a new capias was issued to take the place of the one that was ordered destroyed. ECF No. 13-4 at 1. Accordingly, Gorbey has not satisfied the high standard to pass through the actual innocence gateway, so the Court cannot consider his procedurally barred habeas petition.

**D.     An evidentiary hearing is not warranted.**

Gorbey requests an evidentiary hearing "to properly develop the record." ECF No. 3 at 27–30. The Court must consider whether an evidentiary hearing would provide Gorbey the opportunity "to prove [his] factual allegations, which, if true, would entitle [him] to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citation omitted); *see also Mayes v. Gibson*, 210 F.3d 1284, 1287 (10th Cir. 2000). The court must also consider the standards set forth in 28 U.S.C. § 2254. *Schriro*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

Here, based on an evaluation of Gorbey's claims and the record, the Court concludes that the claims are barred from federal review due to Gorbey's procedural default. Therefore, Gorbey's request for an evidentiary hearing should be **DENIED**.

### III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's motion to dismiss the petition (ECF No. 11) be **GRANTED**, Gorbey's motion for summary judgment (ECF No. 16) be **DENIED**, Gorbey's request for an evidentiary hearing (ECF No. 3 at 27–30) be **DENIED**, and the amended petition for a writ of habeas corpus (ECF No. 3) be **DENIED and DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
January 27, 2021

## **Clerk's Mailing Certificate**

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

>Michael S. Owl Feather-Gorbey, #317611 / 33405-013
>FCI Beckley
>P.O. Box 350
>1600 Industrial Park Road
>Beaver, WV  25810

Fernando Galindo, Clerk

By_____J.L. Meyers_____
       Deputy Clerk

__January 27_____, 2021